Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VALNET, INC., a Canadian Corporation, individually, and doing business as "TheTravel.com"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

Plaintiff, Dr. Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff McGucken is an individual residing in Los Angeles, California. McGucken is a renowned nature and landscape photographer.

5.     Plaintiff is informed and believes and thereon alleges that Defendant Valnet, Inc., which does business as, and owns and operates the website, *https://www.thetravel.com/*. Valnet, Inc. ("Valnet"), is a Canadian corporation that conducts business in the state of California including within this District.

6.     Defendants DOES 1 through 10, inclusive, are other parties who have infringed McGucken's copyright, have contributed to the infringement of McGucken's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     McGucken is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was

1   at all times acting within the scope of such agency, affiliation, alter-ego relationship

2   and/or employment; and actively participated in or subsequently ratified and adopted,

3   or both, each and all of the acts or conduct alleged, with full knowledge of all the

4   facts and circumstances, including, but not limited to, full knowledge of each and

5   every violation of Plaintiff's rights and the damages proximately caused thereby.

6                    **CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH**

7          8.     McGucken is an acclaimed photographer who created and owns the

8   original photographs depicted in **Exhibit A** attached hereto ("Subject Photographs.")

9          9.     McGucken has registered the Subject Photographs and was granted U.S.

10  copyright registrations as set forth in **Exhibit A** attached hereto.

11         10.    Prior to the acts complained of herein, McGucken published and widely

12  publicly displayed and disseminated the Subject Photographs including without

13  limitation on McGucken's website at *www.mcgucken.com*.

14         11.    Following McGucken's dissemination and display of the Subject

15  Photographs, Defendants, and each of them displayed, distributed, created derivative

16  works from, and/or otherwise exploited the Subject Photographs without license,

17  authorization, or consent, including by displaying the Subject Photographs in articles

18  on their website ("Infringing Uses"), which articles were created, published, and

19  distributed by Valnet. The Infringing Uses were made widely and publicly available

20  at *https://www.thetravel.com/*, which is owned and operated by Valnet. True and

21  correct screen captures of the Infringing Uses, and its accompanying URL, are

22  included in **Exhibit A** attached hereto.

23         12.    At a minimum, Defendants', and each of their, display of the Subject

24  Photographs to the public on their commercial website violated McGucken's

25  exclusive display right under 17 U.S.C. § 106 *et seq*.

26         13.    On information and belief, it is alleged that Valnet created the derivative

27  articles at issue and incorporated McGucken's photography and name into those

28  articles without his consent.

14.  McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photographs.

15.  On January 3, 2023, McGucken, through his undersigned attorneys, served Defendants a letter demanding that Defendants cease and desist all infringing uses of McGucken's copyrighted work and reasonably resolve the action. The parties were unable to resolve the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

16.  McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17.  On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on McGucken's website and social media accounts. Access is further evidenced by the Subject Photographs' exact reproductions in the Infringing Uses.

18.  On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and/or distributed the Subject Photographs, including without limitation as seen in Infringing Uses attached hereto.

19.  On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public.

20.  Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

21.  Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of

1 McGucken's rights in the Subject Photographs. As such, McGucken is entitled to

2 disgorgement of Defendants' profits directly and indirectly attributable to

3 Defendants' infringement of McGucken's rights in the Subject Photographs in an

4 amount to be established at trial.

5      22.   On information and belief, McGucken alleges that Defendants, and each

6 of them, have committed acts of copyright infringement, as alleged above, which

7 were willful, intentional and malicious, which further subjects Defendants, and each

8 of them, to liability for statutory damages under Section 504(c)(2) of the Copyright

9 Act in the sum of up to $150,000.00 per infringement and/or a preclusion from

10 asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement – Against all**

**Defendants, and Each)**

14      23.   McGucken repeats, re-alleges, and incorporates herein by reference as

15 though fully set forth, the allegations contained in the preceding paragraphs of this

16 Complaint.

17      24.   On information and belief, McGucken alleges that Defendants knowingly

18 induced, participated in, aided and abetted in and profited from the illegal

19 reproduction and distribution of the Subject Photographs as alleged hereinabove.

20 Such conduct included, without limitation, displaying photographs that Defendants

21 knew, or should have known, were not authorized to be published by Defendants.

22      25.   On information and belief, McGucken alleges that Defendants, and each

23 of them, are vicariously liable for the infringement alleged herein because they had

24 the right and ability to supervise the infringing conduct and because they had a direct

25 financial interest in the infringing conduct. Specifically, Defendants, and each of

26 them, profited in connection with the Infringing Uses, and were able to supervise the

27 distribution, broadcast, and publication of the Infringing Uses.

28

26.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

27.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs, in an amount to be established at trial.

28.     On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each with Respect to Each Claim for Relief:

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.  That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained

by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of McGucken's intellectual property rights;

d. That McGucken be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e. That McGucken be awarded his costs and fees under the above statutes;

f. That McGucken be awarded statutory and enhanced damages under the statutes set forth above;

g. That McGucken be awarded pre-judgment interest as allowed by law;

h. That McGucken be awarded the costs of this action; and

i. That McGucken be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 17, 2023                    DONIGER / BURROUGHS

By: /s/ Scott Alan Burroughs
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
*Attorneys for Plaintiff*