MARC E. MAYER (SBN 190969); mem@msk.com
DAVID A. STEINBERG (SBN 130593); das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Valnet, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>            Plaintiff,<br><br>        v.<br><br>VALNET, INC., a Canadian corporation, individually, and doing business as "TheTravel.com," and DOES 1-10,<br><br>            Defendants. | CASE NO. 2:23-CV-06753-JLS-SSC<br><br>[Assigned to Judge Josephine L. Staton]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, IN ITS ENTIRETY, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      Jan. 19, 2024<br>Time:     10:30 a.m.<br>Ctrm:     8A<br><br>Filed:      Aug. 17, 2023<br>Trial:      None set |

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 19, 2024 at 10:30 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Josephine L. Staton, located at Courtroom 8A, First Street United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, defendant Valnet, Inc. d/b/a TheTravel.com ("Valnet"), by and through its undersigned counsel, will and hereby does move this Court for an order dismissing plaintiff Dr. Elliot McGucken's ("Plaintiff") Complaint without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6). This Motion is based upon the following grounds:

1.       Plaintiff's first cause of action for direct copyright infringement is barred in its entirety by the Ninth Circuit's "server test." *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Hunley v. Instagram, LLC*, 73 F.4th 1060 (9th Cir. 2023).

2.       Plaintiff's second cause of action for contributory and/or vicarious copyright infringement should be dismissed because there is no direct infringement and, even taking the allegations in the Complaint as entirely true and construing every possible inference therefrom in Plaintiff's favor, there is no plausible basis to find that Valnet is liable for contributory and/or vicarious copyright infringement.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in Support; the concurrently filed Declaration of Marc E. Mayer in support thereof; all pleadings and other records on file in this action; any other matters that may be judicially noticed; and such further evidence and arguments as may be presented at or before the hearing on this Motion.  Valnet respectfully requests that the Court grant its Motion and enter judgment in its favor and against Plaintiff.

On November 30, 2023, counsel for Valnet emailed Plaintiff's counsel to schedule a meet-and-confer, pursuant to L.R. 7-3, regarding Valnet's anticipated Motion to Dismiss.  A telephonic meet-and-confer was held on December 6, 2023.

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

The parties were unable to reach a resolution that eliminated the necessity for Valnet to bring its Motion to Dismiss.

DATED: December 11, 2023          MARC E. MAYER
                                  DAVID A. STEINBERG
                                  MITCHELL SILBERBERG & KNUPP LLP


                                  By: _/s/ Marc E. Mayer_____
                                      Marc E. Mayer (SBN 190969)
                                      Attorneys for Valnet, Inc.

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ......................................................................................1

II.     FACTUAL BACKGROUND .....................................................................2

        A.      Plaintiff and the Subject Photographs.............................................2

        B.      Valnet and the Articles Embedding the Subject Photographs. ............2

        C.      This Lawsuit....................................................................................5

III.    THE COURT SHOULD DISMISS PLAINTIFF'S COPYRIGHT
        INFRINGEMENT CLAIMS AGAINST VALNET WITH PREJUDICE .....5

        A.      Legal Standard on a Rule 12(b)(6) Motion to Dismiss.........................5

        B.      Plaintiff's Direct Infringement Claim Is Barred by the Server Test.....6

        C.      Plaintiff Fails To State Claims for Contributory and Vicarious
                Copyright Infringement...........................................................9

                1.      Valnet Cannot Be Secondarily Liable Absent Direct
                        Infringement................................................................9

                2.      Plaintiff Alleges No Facts In Support of His Contributory
                        and Vicarious Infringement Claims.........................................10

        D.      Leave To Amend Should Be Denied. .................................................12

IV.     CONCLUSION .........................................................................................12

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

# TABLE OF AUTHORITIES

Page(s)

## CASES

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ............................................................... 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................... 5, 6, 11

*Assocs., Inc. v. City of El Monte*,
    16 Civ. 1467 (GW), 2017 WL 2469977 (C.D. Cal. June 2, 2017) ....................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................... 5

*Epikhin v. Game Insight N. Am.*,
    No. 14 Civ. 4383 (LHK), 2015 WL 2412357
    (N.D. Cal. May 20, 2015) ............................................................... 9

*Evox Prods. LLC v. Yahoo, Inc.*,
    No. 20 Civ. 2907, 2023 WL 5506894 (C.D. Cal. July 28, 2023) ........................ 7

*Hunley v. Instagram, LLC*,
    73 F.4th 1060 (9th Cir. 2023) ...................................................*passim*

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................... 6

*Kabir v. Flagstar Bank, FSB*,
    No. 16 Civ. 0360 (JLS), 2016 WL 10999326
    (C.D. Cal. May 11, 2016) ............................................................... 9

*Klauber Bros., Inc. v. H&M Hennes & Mauritz LP*,
    No. 18 Civ 3507 (MWF)(SSX), 2019 WL 4261878
    (C.D. Cal. June 18, 2019) ............................................................... 11

*Klauber Bros., Inc. v. Roma Costumes, Inc.*,
    No. 22 Civ. 4425, 2023 WL 3903908 (C.D. Cal. June 7, 2023) ........................ 10

*Lahiri v. Universal Music and Video Distrib. Corp.*,
    606 F.3d 1216 (9th Cir. 2010) ............................................................... 12

ii

# TABLE OF AUTHORITIES
<u>(continued)</u>

<u>**Page(s)**</u>

*Luvdarts, LLC v. AT & T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013) .............................................................................. 10

*McGucken v. Haim, et al.*,
   No. 22 Civ. 00673 (JFW) (C.D. Cal. Jan. 31, 2022) ........................................... 1

*McGucken v. JJOK, LLC, et al.*,
   No. 22 Civ. 06095 (FLA) (C.D. Cal. Aug. 26, 2022) .......................................... 1

*McGucken v. Kelly, et al.*,
   No. 22 Civ. 00679 (C.D. Cal. Jan. 31, 2002) ...................................................... 1

*McGucken v. Lonely Planet USA, LLC, et al.*,
   No. 22 Civ. 05476 (DMG) (C.D. Cal. Aug. 4, 2022)........................................... 1

*McGucken v. Matador Ventures, Inc., et al.*,
   No. 23 Civ. 00849 (PA) (S.D.N.Y. Feb. 3, 2023) ............................................... 1

*McGucken v. Moff, et al.*,
   No. 22 Civ. 00675 (SSS) (C.D. Cal. Apr. 20, 2022)............................................ 1

*McGucken v. Nat'l Geographic Partners LLC, et al.*,
   No. 22 Civ. 00681 (JFW) (C.D. Cal. Jan. 31, 2022) ........................................... 1

*McGucken v. Newsweek LLC*,
   464 F. Supp. 3d 594 (S.D.N.Y. 2020) ................................................................ 11

*McGucken v. Pepperdine Univ., et al.*,
   No. 22 Civ. 02851 (GHW) (C.D. Cal. Apr. 28, 2022) ........................................ 1

*McGucken v. Shutterstock, Inc., et al.*,
   No. 22 Civ. 00905 (JHR) (S.D.N.Y. Feb. 2, 2022) ............................................. 1

*McGucken v. Shutterstock, Inc., et al.*,
   No. 23 Civ. 00242 (FMO) (C.D. Cal. Jan. 12, 2023) .......................................... 1

*McGucken v. Taff, et al.*,
   No. 22 Civ. 01805 (PA) (C.D. Cal. Mar. 18, 2022)............................................. 1

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

# TABLE OF AUTHORITIES
<u>(continued)</u>

**Page(s)**

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) .................................................................*passim*

*Perfect 10, Inc. v. Google, Inc.*,
   No. 04 Civ. 9484 (AHM)(SHX), 2010 WL 9479060
   (C.D. Cal. July 30, 2010) ................................................................................ 8

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ......................................................................... 10

*Royal Holdings Techs. Corp. v. FLIR Sys.*,
   20 Civ. 9015 (SB), 2021 WL 945246 (C.D. Cal. Jan. 8. 2021) ..................... 10

*Sebastian Brown Prods., LLC v. Muzooka, Inc.*,
   143 F. Supp. 3d 1026 (N.D. Cal. 2015) ........................................................ 11

*SOFA Entm't, Inc. v. Dodger Prods., Inc.*,
   709 F.3d 1273 (9th Cir. 2013) ....................................................................... 12

*Sweaney v. Ada County, Idaho*,
   119 F.3d 1385 (9th Cir. 1997) ....................................................................... 12

*Totally Her Media, LLC v. BWP Media USA, Inc.*,
   13 Civ. 8379 (AB), 2015 WL 12659912 (C.D. Cal. Mar. 24, 2015) .................. 8

*UMG Recordings, Inc. v. Augusto*,
   628 F.3d 1175 (9th Cir. 2011) ......................................................................... 6

*Walsh v. Townsquare Media, Inc.*,
   464 F. Supp. 3d 570 ........................................................................................ 3

**STATUTES & RULES**

17 U.S.C. § 106 ...................................................................................................... 6

17 U.S.C. § 505 ................................................................................................ 6, 12

28 U.S.C. § 1927 .................................................................................................. 12

Fed. R. Civ. P. 8 .................................................................................................. 11

iv
**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

**TABLE OF AUTHORITIES**
<u>(continued)</u>

<u>**Page(s)**</u>

Fed. R. Civ. P. 12...................................................................................2, 5

Fed. R. Civ. P. 15......................................................................................12

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit is just one of many copyright infringement lawsuits filed by plaintiff Dr. Elliot McGucken ("Plaintiff"), primarily through the same counsel,[1] based on legal theories that find no support in the law.  In this particular case, Plaintiff, a landscape photographer, has brought copyright infringement claims against defendant Valnet, Inc. d/b/a TheTravel.com ("Valnet") based solely on allegations that Valnet embedded Instagram posts containing the Subject Photographs (defined *infra*) in certain articles on its website.

Critically, there is no dispute that the Subject Photographs, though appearing on Valnet's website, were ***not actually copied or hosted by Valnet***.  Rather, they were ***embedded directly from Instagram's website***, which itself stored the content on its server.  This is fatal to Plaintiff's direct infringement claim, as it is well-established in this Circuit that embedding copyrighted content that is stored on third party servers does not constitute direct copyright infringement.  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Hunley v. Instagram, LLC*, 73 F.4th 1060 (9th Cir. 2023).  Plaintiff's claims for contributory and vicarious infringement likewise fail as a matter of law, because Plaintiff neither plausibly alleges direct infringement

---

[1] In the past two years alone, Plaintiff has commenced a dozen copyright infringement lawsuits, the large majority of which were filed by the same counsel as in this case. *See, e.g., McGucken v. Matador Ventures, Inc., et al.*, No. 23 Civ. 00849 (PA) (S.D.N.Y. Feb. 3, 2023); *McGucken v. Shutterstock, Inc., et al.*, No. 23 Civ. 00242 (FMO) (C.D. Cal. Jan. 12, 2023); *McGucken v. JJOK, LLC, et al.*, No. 22 Civ. 06095 (FLA) (C.D. Cal. Aug. 26, 2022); *McGucken v. Lonely Planet USA, LLC, et al.*, No. 22 Civ. 05476 (DMG) (C.D. Cal. Aug. 4, 2022); *McGucken v. Pepperdine Univ., et al.*, No. 22 Civ. 02851 (GHW) (C.D. Cal. Apr. 28, 2022); *McGucken v. Moff, et al.*, No. 22 Civ. 00675 (SSS) (C.D. Cal. Apr. 20, 2022); *McGucken v. Taff, et al.*, No. 22 Civ. 01805 (PA) (C.D. Cal. Mar. 18, 2022); *McGucken v. Shutterstock, Inc., et al.*, No. 22 Civ. 00905 (JHR) (S.D.N.Y. Feb. 2, 2022); *McGucken v. Kelly, et al.*, No. 22 Civ. 00679 (RSWL) (C.D. Cal. Jan. 31, 2002); *McGucken v. Nat'l Geographic Partners LLC, et al.*, No. 22 Civ. 00681 (JFW) (C.D. Cal. Jan. 31, 2022); *McGucken v. Haim, et al.*, No. 22 Civ. 00673 (JFW) (C.D. Cal. Jan. 31, 2022).

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

1  against any third party, nor provides a single fact to support either theory of secondary

2  liability.[2]

3      Accordingly, and as discussed more fully below, the Court should dismiss the

4  Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

5  **II.    FACTUAL BACKGROUND**

6      **A.    <u>Plaintiff and the Subject Photographs.</u>**

7      Plaintiff is a landscape photographer and serial copyright infringement

8  plaintiff.  *See* ECF No. 1 ("Compl."), ¶ 4.  According to the Complaint, Plaintiff

9  created and owns exclusive copyright rights in the thirty-six photographs identified in

10  Exhibit A (collectively, the "Subject Photographs").  *Id.* ¶¶ 8-9 & Ex. A.  Plaintiff has

11  "published and widely publicly displayed and disseminated the Subject Photographs"

12  online, including through his website (www.mcgucken.com) and his public Instagram

13  account (@elliotmcgucken).  *Id.* ¶ 10 & Ex. A.

14      **B.    <u>Valnet and the Articles Embedding the Subject Photographs.</u>**

15      Valnet owns and operates the travel website www.thetravel.com (the "Valnet

16  Website").  *See* Compl. ¶ 11.  From 2021 to 2023, Valnet published certain articles

17  on the Valnet Website (the "Articles") that displayed the Subject Photographs as

18  posted on Instagram.  *Id.* & Ex. A.  All of the Instagram posts displayed in the Articles

19  were posted by Plaintiff (@elliotmcgucken), except for one.  *See id.*, Ex. A

20  (screenshots of Articles showing one Instagram post made by third-party account

21  @destinationhiking and all others by @elliotmcgucken).  By way of example, below

22  is a screenshot from Valnet's Article entitled *If Joshua Tree National Park Is On Your*

23  *Bucket List, Then These Cabins Are The Perfect Way To Spend The Night* (the "*Joshua*

24

---

25  [2] Recognizing that his claims are precluded by binding precedent, Plaintiff's counsel
    proposed that the parties "stipulate[] to the application of the server rule here so [the
26  parties] can proceed directly to the Ninth Circuit."  Declaration of Marc E. Mayer
    dated December 11, 2023 ("Mayer Decl."), Ex. A.  Plaintiff and his counsel's
27  scheme—to effectively force Valnet to litigate admittedly barred claims—is a
    flagrant abuse of the judicial process.

28

*Tree* Article"), which displays an Instagram post by "elliotmcgucken" that contains Plaintiff's alleged copyrighted photograph of Joshua Tree National Park. *Id.*, Ex. A at No. 2.[3]

Screenshot of the *Joshua Tree* Article

Critically, all of the Instagram posts containing the Subject Photographs were merely "embedded" into the Articles on the Valnet Website. *See* Compl., Ex. A.[4]  In other words, Valnet incorporated the Instagram posts into the Articles by instructing

---

[3] Shortly after receiving notice of the alleged infringements from Plaintiff, Valnet expeditiously disabled the embedded posts from each of the Articles at issue.

[4] Although Plaintiff does not expressly allege "embedding" in his Complaint, Plaintiff has conceded that Valnet merely "embedded [the] post[s] [at issue] on their website." Mayer Decl., Ex. B (January 3, 2023 cease-and-desist letter from Plaintiff's counsel). In any event, it is clear on the face of the Complaint that the Articles embedded copies of the Subject Photographs as posted on Instagram.  See Compl., Ex. A (screenshots of Articles displaying the Subject Photographs in "framed" Instagram posts, many of which show the specific URL "https://www.instagram.com...utm_source=ig_embed" directly underneath the post).  The Court may take judicial notice of this fact.  *See Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570, n.1, n.4 (S.D.N.Y. 2020) (taking judicial notice of the fact that a social media post was merely embedded in an article on the defendant's website).

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

the viewer's browser to automatically load and display such content **directly from Instagram's server**.    The Ninth Circuit recently explained the meaning of "embedding" (also known as "framing" or "in-line linking") in this context:

> Instagram is a social media platform where users share photo and video content to their followers.  Users with public profiles grant Instagram a royalty-free sublicense to display their photos. Instagram's infrastructure also allows third-party websites to "embed" public Instagram posts.
>
> Embedding is a method that allows a third-party website (the embedding website) to incorporate content directly from the website where it originally appeared (the host website). Websites are created using instructions written in Hypertext Markup Language ("HTML").  HTML is a text-only code, meaning that the underlying HTML instructions cannot contain images.  Instead, when a website wants to include an image, "the HTML instructions on the web[site] provide an address for where the images are stored, whether in the web[site] publisher's computer or some other computer."
>
> Users access a website through a web browser application. When a web creator wants to include an image on a website, the web creator will write HTML instructions that direct the user's web browser to retrieve the image from a specific location on a server and display it according to the website's formatting requirements. … [When a] website wants to [display] an image that is *not* located on its own servers, it will use HTML instructions to "embed" the image from another website's server.  To do so, the embedding website creator will use HTML instructions directing the browser to retrieve and display an image from an outside website rather than an image file.  So if the embedding website wants to show the National Park Service's Instagram post featuring Joshua Tree National Park—content that is not on the embedding website's same server—it will direct the browser to retrieve and display content from the Instagram's server.

*Hunley*, 73 F.4th at 1062-63 (internal citations and footnote omitted); *see also Perfect 10*, 508 F.3d at 1156 (referring to the same method as "in-line linking" or "framing").

Applied here, upon viewing the Articles, the HTML code written into the Valnet Website caused the viewer's browser to retrieve and transmit the Instagram posts containing the Subject Photographs **directly from Instagram's server**.  For example, upon viewing the *Joshua Tree* Article, the viewer's browser automatically retrieved Plaintiff's Instagram post from the specified location—*i.e.*, from the URL

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

1  https://www.instagram.com/p/CMsQHOlMJjS/?utm_source=ig_embed—and  then
2  displayed such post in its entirety (including the Subject Photograph of Joshua Tree
3  National Park, caption, and overall format) in a "frame" alongside the Article's other
4  content.  *Hunley*, 73 F.4th at 1064.

5      Although the Instagram posts loaded "almost instantaneous[ly]" and were
6  "embedded seamlessly" into the Articles on the Valnet Website, the posts were stored
7  and transmitted through Instagram's servers, not Valnet's.  *Id.* (internal quote marks
8  omitted).  As the embedding website, Valnet never made or stored any copies on its
9  own server.  *Id.* at 1064, 1067 ("Importantly, the embedding website does not store a
10  copy of the underlying image.…  Because *Time* embedded [the plaintiff's] Instagram
11  post containing the photo, *Time* never stored or made a copy of [the plaintiff's] photo.
12  Instead, the embedding instructions caused [the plaintiff's] Instagram post to appear
13  on *Time*'s website alongside *Time*'s own content.").

14      **C.**   **This Lawsuit.**

15      On August 17, 2023, Plaintiff filed this lawsuit against Valnet for both (1)
16  direct copyright infringement; and (2) contributory and/or vicarious copyright
17  infringement.  It is clear on the face of the Complaint—and Plaintiff does not
18  dispute—that Valnet did not store the photographs on its own servers and that his
19  claims against Valnet arise solely from the embedding of the Subject Photographs as
20  posted on Instagram by Plaintiff himself or, in one case, by a third party.  *See*
21  *generally* Compl., Ex. A; Mayer Decl., Ex. B.

22  **III.**  **THE COURT SHOULD DISMISS PLAINTIFF'S COPYRIGHT**
23      **INFRINGEMENT CLAIMS AGAINST VALNET WITH PREJUDICE**

24      **A.**   **Legal Standard on a Rule 12(b)(6) Motion to Dismiss.**

25      To survive a motion to dismiss, a complaint must contain "sufficient factual
26  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
27  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550
28  U.S. 544, 570 (2007)).  A plaintiff must show "more than a sheer possibility that a

Mitchell
Silberberg &
Knupp LLP

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

1   defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  While the Court must accept

2   material factual allegations as true, pleadings that are "no more than conclusions, are

3   not entitled to the assumption of truth."  *Id.* at 679; *see also In re Gilead Scis. Sec.*

4   *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (a court is not "required to accept as true

5   allegations that are merely conclusory, unwarranted deductions of fact, or

6   unreasonable inferences").

7      **B.    Plaintiff's Direct Infringement Claim Is Barred by the Server Test.**

8      To state a claim for direct copyright infringement, a plaintiff must allege: "(1)

9   ownership of a valid copyright and (2) violation by the alleged infringer of at least

10  one of the exclusive rights granted to copyright owners by the Copyright Act," *UMG*

11  *Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011), including the right

12  to reproduce the copyrighted work, prepare derivative works, distribute copies to the

13  public, and to publicly display the work. *See* 17 U.S.C. § 106.[5]  While Plaintiff alleges

14  that Valnet "displayed, distributed, created derivative works from, and/or otherwise

15  exploited the Subject Photographs" without consent (Compl. ¶ 11), the only support

16  he offers for this conclusory assertion establishes that Valnet merely embedded copies

17  of the Subject Photographs into the Articles from Instagram's server (*id.*, Ex. A).  This

18  is fatal to his claims.

19     Over a decade ago, the Ninth Circuit established what has become known as

20  the "server test," which provides that the owner of a website cannot be found to

21  directly infringe a copyright owner's rights unless it stores and transmits the

22  copyrighted material ***from its own server***. *See Perfect 10*, 508 F.3d at 1159.  Under

23  the server test, a website "that stores an image as electronic information and serves

24  that electronic information directly to the user … is displaying the electronic

25  information in violation of a copyright holder's exclusive display right." *Id.* (citations

26

27  _____

    [5] Valnet accepts Plaintiff's allegation that he "has registered the Subject Photographs

28  and was granted U.S. copyright registrations." (Compl. ¶ 9) as true solely for purposes
    of this Motion.  Notably, however, Plaintiff did not attach any copyright registration
    certificates to his Complaint or even list the registrations by number.

omitted).    Conversely, if the website "does not store and serve the electronic information to a user[,]" and instead merely "provides HTML instructions that direct a user's browser to [another party's server] that stores the [ ] image," then the website itself is not actually publicly displaying the image or otherwise infringing upon any of the copyright owner's exclusive rights.  *Id.* at 1159, 1161.  The Ninth Circuit reasoned that HTML instructions "are lines of text, not a photographic image," and "do not themselves cause infringing images to appear on the user's computer screen," but "merely give[] the address of the image to the user's browser[]" (which "then interacts with the [server] that stores the infringing image" to cause the image to be displayed).  *Id.* at 1161.  Based on the same reasoning, the court also held that a website that merely "communicates HTML instructions that tell a user's browser where to find [certain] images on [another party's server] … does not itself distribute copies of the [alleged] infringing photographs."  *Id.* at 1162.[6]

"The Ninth Circuit's copyright jurisprudence regarding the public display [and distribution] of digital images has consistently applied the 'server test'—first in the context of search-engines, then websites, and most recently the method of embedding."  *Evox Prods. LLC v. Yahoo, Inc.*, No. 20 Civ. 2907 (MEMF)(JEMX), 2023 WL 5506894, at *6 (C.D. Cal. July 28, 2023).  Indeed, exactly one month before Plaintiff filed his Complaint in this case, the Ninth Circuit "answered the question of whether the public display [and distribution] right[s are] violated when a third-party website embeds social-media users' content[]"; it held that such rights ***are not*** violated under such circumstances.  *Id.* at *7 (citing to *Hunley*, 73 F.4th 1060).  In *Hunley*, plaintiff photographers sued *BuzzFeed* and *Time*, whose websites embedded

---

[6] In *Perfect 10*, the plaintiff did not assert violation of its reproduction right, but the Ninth Circuit explained that the server test would likewise apply. *See Perfect 10*, 508 F.3d at 1160-61 ("Because Google's computers do not store the photographic images, Google does not have a copy of the images for purposes of the Copyright Act.  In other words, Google does not have any 'material objects … in which a work is fixed … and from which the work can be … reproduced' … and thus cannot communicate a copy.") (quoting 17 U.S.C. § 101).

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

Mitchell
Silberberg &
Knupp LLP

the plaintiffs' images as posted on Instagram, which Instagram itself was authorized by plaintiffs to display. *Hunley*, 73 F.4th at 1077. Because the embedded images were stored and transmitted from Instagram's server—rather than *BuzzFeed*'s and *Time*'s respective servers—the court found, under the server test, that *BuzzFeed* and *Time* did not directly infringe plaintiff's copyright rights in the images. *Id.*[7]

In sum, under *Perfect 10* and its progeny, including *Hunley*, embedding does not constitute direct infringement when, as here, the copyrighted images are not stored and transmitted from the defendant's owner server. As courts in this District have recognized, "[th]e server test is now binding Ninth Circuit precedent, and it is not within this Court's power to revise it." *Perfect 10, Inc. v. Google, Inc.*, No. 04 Civ. 9484 (AHM)(SHX), 2010 WL 9479060, at *6 (C.D. Cal. July 30, 2010), *aff'd*, 653 F.3d 976 (9th Cir. 2011). Because there is no dispute that Valnet merely embedded the Subject Photographs as stored on Instagram's servers, Plaintiff's claim for direct copyright infringement against Valnet fails as a matter of law. *See, e.g.*, *Hunley*, 73 F.4th at 1077 (applying server test and affirming grant of motion to dismiss plaintiff's copyright infringement claims); *Nakada + Assocs., Inc. v. City of El Monte*, 16 Civ. 1467 (GW)(SPX), 2017 WL 2469977, at *4 (C.D. Cal. June 2, 2017) (applying server test and finding no copyright infringement where a website linked to allegedly infringing videos because the "[p]laintiffs cannot establish … that, by merely linking to those videos, without anything more, [the d]efendant displayed the videos publicly"); *Totally Her Media, LLC v. BWP Media USA, Inc.*, 13 Civ. 8379 (AB)(PLAX), 2015 WL 12659912, at **1, 11 (C.D. Cal. Mar. 24, 2015) (applying server test and finding no copyright infringement where "the undisputed evidence show[ed] all of the images at issue [ ] were stored on third-party websites and linked exclusively by third-parties").

---

[7] Notably, because *BuzzFeed* and *Time* were not liable for direct infringement, the plaintiffs' claim of infringement based on secondary liability against Instagram also failed. *See Hunley*, 73 F.4th at 1077.

Mitchell
Silberberg &
Knupp LLP

8

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

**C.      Plaintiff Fails To State Claims for Contributory and Vicarious Copyright Infringement.**

1.      Valnet Cannot Be Secondarily Liable Absent Direct Infringement.

Plaintiff's claims for contributory and vicarious copyright infringement cannot survive a motion to dismiss because Plaintiff does not—and cannot—plausibly allege direct infringement by any third party.  It is fundamental that "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a **third party**." *Perfect 10*, 508 F.3d at 1169 (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)) (emphasis added).  Here, apart from speculating that unidentified "DOES 1 through 10 … contributed to the infringement of [his] copyright, or have engaged in one or more of the [alleged] wrongful practices" (Compl. ¶ 6), Plaintiff has failed to name any direct third-party infringer, which is fatal to his claim.  *See Epikhin v. Game Insight N. Am.*, No. 14 Civ. 4383 (LHK), 2015 WL 2412357, *4 (N.D. Cal. May 20, 2015) (granting motion to dismiss contributory and vicarious copyright infringement claims where the complaint "[did] not even identify the alleged third party infringers[,]" "including only a vague reference to '[n]umerous entities and individuals'") (citation omitted).[8]

Even setting aside Plaintiff's failure to name any direct third-party infringers, Plaintiff's secondary liability claims still must be dismissed because it is clear that there has been no direct infringement by any third party.  The only conceivable direct infringers in this case are (1) the parties that posted the Subject Photographs on Instagram; and (2) Instagram, because its servers hosted and transmitted the posts containing the Subject Photographs.  Here, however, **Plaintiff himself** posted all but

---

[8]  Plaintiff alleges that the names of the Doe defendants will be ascertained in discovery (Compl. ¶ 6) but this is not enough to avoid dismissal. *See Kabir v. Flagstar Bank, FSB*, No. 16 Civ. 0360 (JLS)(JCGX), 2016 WL 10999326, at *4 (C.D. Cal. May 11, 2016) ("A plaintiff may not rely solely on the speculative promises of discovery to survive a motion to dismiss.").

Mitchell
Silberberg &
Knupp LLP

9

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

one of the embedded Instagram posts,[9] and, in doing so, granted Instagram a non-exclusive license to use the Subject Photographs.  Indeed, courts have recognized that Instagram does not directly infringe by hosting, copying, publicly displaying, and/or distributing copyrighted content posted on Instagram.  *See, e.g.*, *Hunley*, 73 F.4th at 1077 ("By posting photographs to her public Instagram profile, [the plaintiff] stored a copy of those images on Instagram's servers.  By displaying [the plaintiff's] images, Instagram did not directly infringe [plaintiff's] exclusive display right because Instagram had a nonexclusive sublicense to display these photos.").

> 2.  <u>Plaintiff Alleges No Facts In Support of His Contributory and Vicarious Infringement Claims.</u>

Even if Plaintiff had plausibly alleged direct copyright infringement (which he did not and cannot do), Plaintiff's claims for contributory and vicarious infringement still must fail because Plaintiff has alleged ***no facts whatsoever*** to support them.[10]  In order to state a contributory infringement claim, a plaintiff must allege facts showing that the defendant "(1) ha[d] knowledge of a third party's infringing activity, and (2) induce[d], cause[d], or materially contribute[d] to the infringing conduct."  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (internal quotation marks omitted).  And for vicarious infringement, a plaintiff must allege facts showing that the defendant had "both the (1) right and ability to supervise the infringing activity and (2) a direct financial interest in the activity."  *Luvdarts, LLC v. AT & T*

---

[9] As noted *supra*, the one exception is the Instagram post made by third-party account @destinationhiking.  *See* Compl., Ex. A at No. 6.  Notably, Plaintiff already had posted the underlying Subject Photograph on his own Instagram account.  *See* https://www.instagram.com/p/CVqrQi6vxSj/.

[10] "Plaintiff's Complaint lumps contributory and vicarious copyright infringement into one cause of action.  However, these are two distinct theories of secondary liability."  *Klauber Bros., Inc. v. Roma Costumes, Inc.*, No. 22 Civ. 4425 (MEMF)(MARX), 2023 WL 3903908, at *7 n.9 (C.D. Cal. June 7, 2023) (citation omitted).  This alone may warrant dismissal.  *See, e.g.*, *id* at 8. (granting motion to dismiss and ordering that the claims be separated in any amended pleading); *Royal Holdings Techs. Corp. v. FLIR Sys.*, 20 Civ. 9015 (SB)(PLAX), 2021 WL 945246, at *5 (C.D. Cal. Jan. 8. 2021) (granting motion to dismiss where plaintiff "improperly combine[d] two claims" into one).

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

*Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013) (internal quotation marks omitted).

Plaintiff has not alleged a single fact showing any of these things.  Instead, Plaintiff merely offers threadbare recitals of the legal elements of contributory and vicarious copyright infringement—and, to make matters worse, he asserts them against "Defendants" together and "[o]n information and belief."  Compl. ¶¶ 24-25; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 55); *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("a complaint which lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)" and must be dismissed) (internal quotations and citations omitted).  For example, as to contributory infringement, Plaintiff alleges, at most, that Valnet "knowingly induced, participated in, aided and abetted in … the [alleged] illegal reproduction and distribution of the Subject Photographs," without offering any factual allegations in support.  Compl. ¶ 24.  Nor does Plaintiff allege facts to support his conclusory allegations that Valnet had "the right and ability to supervise" unidentified parties and "profited" from their unidentified acts of direct infringement. *Id.* ¶ 25.

Accordingly, the Court should dismiss Plaintiff's contributory and vicarious infringement claims, just as other courts have done when confronted with allegations that were almost identical to those in this case. *See, e.g.*, *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 610 (S.D.N.Y. 2020) (granting motion to dismiss contributory and vicarious infringement claims filed by the ***same counsel*** on behalf of the ***same Plaintiff*** as in this case, because Plaintiff "fail[ed] to allege any facts that would support a claim of either contributory or vicarious liability"); *see also Klauber Bros., Inc. v. H&M Hennes & Mauritz LP*, No. 18 Civ 3507 (MWF)(SSX), 2019 WL 4261878, at *8 (C.D. Cal. June 18, 2019) (granting motion to dismiss contributory and vicarious infringement claims filed by the ***same counsel*** as in this case, because

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

the plaintiff's "allegations constitute[d] [ ] mere threadbare recital of the elements of the claim[s]").

### D.    Leave To Amend Should Be Denied.

Although Fed. R. Civ. P. 15(a)(2) is "very liberal[,]" "a district court need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend here would be futile because, among other reasons, the allegedly infringing content indisputably was embedded into the Articles and displayed directly from Instagram's servers.  Thus, there is no set of facts that Plaintiff could allege— without contradicting himself and the evidence included in his Complaint—that would change the applicability of the Ninth Circuit's server test, which forecloses Plaintiff's direct infringement claim.  *See Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").  Likewise, Plaintiff's claims against Valnet for secondary liability are barred as a matter of law based on the evidence in his own Complaint, and thus are incapable of amendment.

## IV.    CONCLUSION

For the foregoing reasons, Valnet respectfully requests that the Court grant this Motion and dismiss the Complaint in its entirety without leave to amend.[11]

---

[11] In light of the frivolous nature of Plaintiff's copyright claims, in the event the Court grants this Motion, Valnet intends to promptly move to recover its reasonable attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505, and as a sanction under 28 U.S.C. § 1927 and/or the Court's inherent powers.  *See SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (affirming award of attorneys' fees pursuant to 17 U.S.C. § 505 where the plaintiff "should have known from the outset that [his] chance of success in this case were slim to none"); *Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010) (affirming award of § 1927 sanctions for recklessly pursuing "meritless copyright infringement claim").

Mitchell
Silberberg &
Knupp LLP

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**

1 DATED: December 11, 2023              MARC E. MAYER
                                       DAVID A. STEINBERG
2                                      MITCHELL SILBERBERG & KNUPP LLP

3

4                                      By: _/s/ Marc E. Mayer_____

5                                            Marc E. Mayer (SBN 190969)
                                             Attorneys for Valnet, Inc.
6

7
                     **Certification of Compliance-Local Rule 11-6**
8
         The undersigned, counsel of record for Defendant Valnet, Inc., certifies that
9
this brief contains 4,174 words, which complies with the word limit of L.R. 11-6.1.
10

11

12 DATED: December 11, 2023             MARC E. MAYER
                                       DAVID A. STEINBERG
13                                     MITCHELL SILBERBERG & KNUPP LLP

14

15                                     By: _/s/ Marc E. Mayer_____

16                                           Marc E. Mayer (SBN 190969)
                                             Attorneys for Valnet, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

                                        13
                **MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY**