1  MARC E. MAYER (SBN 190969); mem@msk.com
   DAVID A. STEINBERG (SBN 130593); das@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendant Valnet, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DR. ELLIOT MCGUCKEN, an individual, | CASE NO. 2:23-CV-06753-JLS-SSC |
|---|---|
| Plaintiff, | Assigned to Judge Josephine L. Staton |
| v. | **REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, IN ITS ENTIRETY, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| VALNET, INC., a Canadian corporation, individually, and doing business as "TheTravel.com," and DOES 1-10, | |
| Defendants. | Date: Jan. 19, 2024<br>Time: 10:30 a.m.<br>Ctrm: 8A |
|  | Filed: Aug. 17, 2023<br>Trial: None set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT, IN ITS ENTIRETY, WITH PREJUDICE ........................................................................2

    A. The Server Test Is Binding Ninth Circuit Precedent and Compels Dismissal of Plaintiff's Direct Copyright Infringement Claim. ...........2

    B. The Server Test Is Not Limited to Search Engines and Applies Equally When Content Is Embedded From Third-Party Servers. ........4

    C. Plaintiff Cannot Avoid Binding Ninth Circuit Law By Citing a Handful of Out-Of-Circuit District Court Cases...................................5

    D. Plaintiff's Argument That the Server Test Conflicts With the Copyright Act Is Foreclosed By *Perfect 10*..........................................7

    E. The Server Test Is Consistent With the Supreme Court's Decision in *Aereo*. ...................................................................................................8

III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO CERTIFY THE ISSUE IN THIS CASE FOR INTERLOCUTORY APPEAL...............9

    A. Plaintiff's Certification Request Is Procedurally Improper. .................9

    B. Plaintiff's Certification Request Is Wholly Unnecessary Because an Order Granting Valnet's Motion Would Be Appealable As of Right. .....................................................................................................10

IV. CONCLUSION .......................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*American Broad. Cos., Inc. v. Aereo, Inc.*,
  573 U.S. 431 (2014) .................................................................................. 1, 8, 9

*APL Microscopic, LLC v. U.S.*,
  144 Fed. Cl. 489 (2019) ..................................................................................... 8

*Bell v. Wilmott Storage Servs., LLC*,
  12 F.4th 1065 (9th Cir. 2021) ............................................................................ 8

*Bowery v. Best Little Sites*,
  No. 2:21-CV-00567-DBB-JCB, 2023 WL 3212619 (D. Utah May 2,
  2023) .............................................................................................................. 5, 6

*Cervantez v. Celestica Corp.*,
  No. EDCV 07-729-VAP-OPx, 2009 WL 10656986 (C.D. Cal. July
  6, 2009) ............................................................................................................ 10

*Flava Works, Inc. v. Gunter*,
  689 F.3d 754 (7th Cir. 2012) ............................................................................. 6

*Flava Works, Inc. v. Gunter*,
  No. 10-CV-6517-JFG, 2011 WL 3876910 (N.D. Ill. 2011) .............................. 6

*Free Speech Sys., LLC v. Menzel*,
  390 F. Supp. 3d 1162 (N.D. Cal. 2019) ............................................................. 4

*Goldman v. Breitbart News Network, LLC*,
  302 F. Supp. 3d 585 (S.D.N.Y. 2018) ..................................................... 4, 5, 6, 8

*Grady v. Iacullo*,
  No. 13-CV-00624-RM-KMT, 2016 WL 1559134 (D. Colo. Apr. 18,
  2016) .................................................................................................................. 7

*Gray v. Cnty. of Riverside*,
  No. EDCV 13-00444-VAP, 2014 WL 5304915 (C.D. Cal. Sept. 2,
  2014) ................................................................................................................ 11

*Hanagami v. Epic Games, Inc.*,
  85 F.4th 931 (9th Cir. 2023) .............................................................................. 3

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Hunley v. BuzzFeed, Inc.*,
   No. 1:20-CV-08844-ALC, 2021 WL 4482101 (S.D.N.Y. Sept. 30,
   2021) ........................................................................................................... 4

*Hunley v. Instagram, LLC*,
   73 F.4th 1060 (9th Cir. 2023) ............................................................... *passim*

*In re Cement Antitrust Litigation*,
   673 F.2d 1020 (9th Cir. 1982) ..................................................................... 10

*Interworks Unlimited, Inc. v. Digital Gadgets, LLC*,
   No. CV 17-04983 TJX, 2019 WL 4570013 (C.D. Cal. June 11,
   2019) ............................................................................................................ 9

*Leader's Institute, LLC v. Jackson*,
   No. 3:14-CV-3572-JJB, 2017 WL 5629514 (N.D. Tex. Nov. 22,
   2017) ................................................................................................... 5, 6, 8

*Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*,
   No. 13-CV-4664, 2014 WL 3368893 (N.D. Ill. July 8, 2014) ....................... 7

*Lincoln Gen. Ins. Co. v. Access Claims Admins., Inc.*,
   No. S-07-CV-1015-LKK-EFB, 2009 WL 10731014 (E.D. Cal. Mar.
   5, 2009) ...................................................................................................... 10

*McGucken v. Newsweek*,
   No. 19-CV-9617-KPF, 2022 WL 836786 (S.D.N.Y. 2022) .......................... 5

*Microsoft Corp. v. Softicle.com*,
   No. 16-CV-2762-MCA, 2017 WL 5517379 (D.N.J. Sept. 29, 2017) ............ 6

*MyPlayCity, Inc. v. Conduit Ltd.*,
   No. 10-CV-1615-CM, 2012 WL 1107648 (S.D.N.Y. Mar. 30, 2012) .......... 7

*Nicklen v. Sinclair Broad. Grp., Inc.*,
   551 F. Supp. 3d 188 (S.D.N.Y 2021) ..................................................... 5, 6, 8

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ............................................................. *passim*

# TABLE OF AUTHORITIES
<u>(continued)</u>

**Page(s)**

*Perfect 10, Inc. v. Google, Inc.*,
   No. 04-CV-AHM-SHX, 2010 WL 9479060 (C.D. Cal. July 30,
   2010), *aff'd*, 653 F.3d 976 (9th Cir. 2011) ............................................................. 3

*Smith v. Premiere Valet Servs., Inc.*,
   No. 2:19-CV-09888-CJC-MAA, 2020 WL 7034346 (C.D. Cal. Aug.
   4, 2020) ..................................................................................................................... 9

*United States v. Lummi Indian Tribe*,
   235 F.3d 443 (9th Cir. 2000) ................................................................................ 10

*United States v. Rojas-Osorio*,
   381 F. Supp. 3d 1216 (N.D. Cal. 2019) ............................................................ 3, 11

*Yong v. I.N.S.*,
   208 F.3d 1116 (9th Cir. 2000) ............................................................................... 3

**STATUTES**

28 U.S.C. § 1291 ............................................................................................................ 10

28 U.S.C. § 1292(b) ................................................................................................. 9, 10

## I. INTRODUCTION

Plaintiff wants this Court to ignore that it sits in the Ninth Circuit. As discussed in Valnet's Motion to Dismiss (ECF No. 15),[1] the server test articulated in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007), is direct, on-point authority and—contrary to Plaintiff's suggestion—still is binding precedent. Plaintiff's Opposition (ECF No. 18) confirms that there is no dispute that Valnet merely "embedded" the Subject Photographs from Instagram's servers. Accordingly, Valnet cannot be held liable for direct copyright infringement. The law in this Circuit permits no other conclusion.

In an attempt to avoid this result, Plaintiff misconstrues *Perfect 10*, and effectively argues that it was wrongly decided and should be overturned—along with the legions of cases in the Ninth Circuit (and others) that have followed it. For example, Plaintiff argues—incorrectly—that the server test is limited to search engines and thumbnail images, has been rejected by "most courts," and conflicts with both the Copyright Act and the Supreme Court's decision in *American Broad. Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431 (2014). In any event, none of these arguments have any bearing on this Court's decision on this Motion to Dismiss. In fact, the Ninth Circuit recently considered—and rejected—near-identical arguments made by the plaintiffs in *Hunley v. Instagram, LLC*, 73 F.4th 1060 (9th Cir. 2023), finding no reason or proper basis to depart from *Perfect 10*'s server test, and affirming the district court's dismissal of a copyright infringement claim similarly predicated on embedding.

Simply put, nothing in Plaintiff's Opposition changes the fact that Plaintiff's direct infringement claim is barred by the server test. Moreover, Plaintiff has conceded that his only other claim, for contributory and/or vicarious infringement,

---

[1] All capitalized defined terms used herein shall have the same meaning as given in Valnet's Motion to Dismiss.

cannot survive this Motion to Dismiss.[2] Thus, the Court should dismiss Plaintiff's Complaint in its entirety without leave to amend. Further, the Court should deny Plaintiff's improper and unnecessary request to certify the Court's forthcoming order for interlocutory appeal.

## II. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT, IN ITS ENTIRETY, WITHOUT LEAVE TO AMEND

### A. The Server Test Is Binding Ninth Circuit Precedent and Compels Dismissal of Plaintiff's Direct Copyright Infringement Claim.

In *Perfect 10*, the Ninth Circuit adopted the straightforward, bright-line server test for determining whether the unauthorized display of copyrighted images on a website violates the Copyright Act. If the website does not store the images on its own server, and instead merely "embeds" the images by directing the user's browser to retrieve and display the images from another party's server, then the website is not liable for direct copyright infringement. *See Perfect 10*, 508 F.3d at 1060-61. In this case, there is no dispute that Valnet merely embedded the Subject Photographs as stored on Instagram's servers. *See* Mot. at 3, n.4. Plaintiff repeatedly has conceded as much, including in his Opposition. *See, e.g.*, Opp. at 1 (Valnet's "display of [the Subject Photographs] was achieved by 'embedding' [them] … from Instagram's server" or, in other words, "via copying code from Instagram's server"). Thus, *Perfect 10*'s server test bars Plaintiff's direct copyright infringement claim.[3]

---

[2] Plaintiff indicated for the first time in his Opposition that he does not contest the dismissal of his claim for contributory and/or vicarious copyright infringement. *See* Opp. at 2, n.2. Notably, Plaintiff's counsel made no mention of this during the parties' meet-and-confer, pursuant to L.R. 7-3, on Valnet's anticipated Motion to Dismiss.

[3] Valnet is not attempting to "escape liability," as Plaintiff contends. Opp. at 4. There is no liability under the server test. Likewise, there is no merit to Plaintiff's contention that Valnet is a "seasoned infringer." *Id.* Valnet unfortunately has been the target of lawsuits filed by overzealous and overreaching copyright plaintiffs (and their frequent-filing counsel). Tellingly, however, Valnet has not been held liable for infringement in a single case.

The server test remains binding Ninth Circuit precedent. Since *Perfect 10*, courts in the Ninth Circuit have consistently applied the server test, including, most recently, in *Hunley*. *See* Mot. at 8 (collecting cases in this District applying the server test and finding no copyright infringement).[4] Plaintiff suggests that this Court may ignore or narrow the server test because the plaintiffs in *Hunley* have petitioned for rehearing *en banc*. *See* Opp. at 18. However, the Ninth Circuit has not even ruled on the petition, let alone granted *en banc* review and decided to overrule *Perfect 10*. Unless and until this happens, this Court is bound by the server test as articulated in *Perfect 10* and its progeny, which compels dismissal of Plaintiff's direct copyright infringement claim. *See United States v. Rojas-Osorio*, 381 F. Supp. 3d 1216, 1227 (N.D. Cal. 2019) (applying existing Ninth Circuit precedent despite pending petition for rehearing *en banc*; "Although the Ninth Circuit panel may ultimately prove incorrect in its determination, 'once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority.'") (quoting *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)); *see also Hunley*, 73 F.4th at 1072 (acknowledging that even the Ninth Circuit must follow *Perfect 10*'s server test, because there has been no *en banc* proceeding, change in statute, or intervening Supreme Court decision overruling it);[5] *Perfect 10, Inc. v. Google, Inc.*, No. 04-CV-AHM-SHX, 2010 WL 9479060, at *6 (C.D. Cal. July 30,

---

[4] Plaintiff cites the Ninth Circuit's recent decision in *Hanagami v. Epic Games, Inc.*, 85 F.4th 931 (9th Cir. 2023). *See* Opp. at 12-13. *Hanagami* involves a copyright infringement claim, but otherwise has nothing to do with this case. In *Hanagami*, "[t]he dispute … turn[ed] on how to properly apply the substantial similarity test in the context of choreographic works." *Hanagami*, 85 F.4th at 935. The Ninth Circuit's opinion does not address the server test, *Perfect 10*, *Hunley*, or any other issue relevant to this Motion.

[5] Plaintiff overstates the Ninth Circuit's references to *en banc* review in *Hunley*. *See* Opp. at 18. The Ninth Circuit did not "invite" a petition for *en banc* review. After rejecting the plaintiff's legal and policy arguments one by one, the Ninth Circuit stated the incontrovertible facts that it cannot overrule Ninth Circuit precedent and, if plaintiff disagrees with it, the proper procedure is to seek rehearing *en banc*. *See Hunley*, 73 F.4th at 1072, 1076.

2010) ("The server test is now binding Ninth Circuit precedent, and it is not within this Court's power to revise it."), *aff'd*, 653 F.3d 976 (9th Cir. 2011).

### B. The Server Test Is Not Limited to Search Engines and Applies Equally When Content Is Embedded From Third-Party Servers.

Plaintiff's argument that the server test applies only to "search engines," and not to "media websites," finds no support in Ninth Circuit law. Plaintiff primarily relies on *dicta* regarding *Perfect 10* in a case from the Southern District of New York. *See* Opp. at 15 (citing *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018)). But the Ninth Circuit itself recently confirmed that "*Perfect 10* did not restrict the application of the Server Test to a specific type of website, such as search engines." *Hunley*, 73 F.4th at 1070. Indeed, a careful read of *Perfect 10* shows that the Ninth Circuit "did not rely on the unique context of a search engine … in articulating the Server Test." *Id.* (citing *Perfect 10*, 508 F.3d at 1155-56).[6] Moreover, the Ninth Circuit has "subsequently applied the Server Test outside the search-engine context," including to media websites similar to Valnet's. *Hunley*, 73 F.4th at 1070-71 (collecting cases applying the server test to storage-service website, blog, and online bulletin board); *id.* at 1065, 1077 (applying server test to media companies; "Because *BuzzFeed* and *Time* embedded—but did not store—the underlying copyrighted photographs, they are not guilty of direct infringement.").[7]

---

[6] Plaintiff cites only one in-Circuit case in support of his argument that the server test is limited to search engines, particularly, *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162 (N.D. Cal. 2019). *See* Opp. at 14-15. But in that case, the court's discussion of *Perfect 10* was merely *dicta*. The court expressly stated that it was "not concluding" whether "the server test applies[,]" because it was not clear whose servers had hosted the accused images. *Free Speech*, 390 F. Supp. 3d at 1172.

[7] Plaintiff makes much of the fact that *Buzzfeed* and *Time* were not parties to the *Hunley* case. *See* Opp. at 17. This is irrelevant. In affirming the dismissal of the secondary liability claims against Instagram, the Ninth Circuit applied the server test and necessarily concluded that *BuzzFeed* and *Time* did not directly infringe. *See Hunley*, 73 F.4th at 1077. Likewise, the fact that the *Hunley* plaintiffs' infringement claim against *BuzzFeed* survived a motion to dismiss in the Southern District of New York has no bearing on this Court's application of the server test to Valnet here. *Cf.* Opp. at 17-18. Indeed, *BuzzFeed* moved to dismiss the claim on fair use grounds, and the court did not even mention the server test or *Perfect 10* in its opinion. *See Hunley*

1   Plaintiff also attempts to evade the server test by arguing that it applies only
2   when a website "embed[s] a thumbnail image" with "a link to access the entire image
3   elsewhere," and not when the "entire embedded image" is displayed. Opp. at 15-16.
4   He overlooks that *Perfect 10* addressed both thumbnail and full-sized images. In
5   *Perfect 10*, the Ninth Circuit held that Google's display of full-sized images was not
6   infringing, because Google did not store copies of the full-sized images, but merely
7   embedded them from third-party websites—as Valnet did here. *See Perfect 10*, 508
8   F.3d at 1160-61; *see also Hunley*, 73 F.4th at 1069 (applying sever test to embedded
9   full-size images from Instagram and rejecting the plaintiffs' similar attempts to limit
10  and distinguish *Perfect 10*). While the website's appearance and user experience may
11  slightly vary in the scenarios that Plaintiff seeks to distinguish, the critical fact is the
12  same: the website is embedding content stored on third-party servers, which does not
13  constitute direct copyright infringement as a matter of law. *Cf. Bowery v. Best Little*
14  *Sites*, No. 2:21-CV-00567-DBB-JCB, 2023 WL 3212619, at *6 (D. Utah May 2,
15  2023) (finding no "appreciable difference between embedding technology and inline
16  linking[,]" because "the technology is still an HTML code directing content outside
17  of a webpage to appear seamlessly on the webpage itself[,]" and declining to find
18  infringement where the defendants embedded full-size images) (citation omitted).

19  **C.   Plaintiff Cannot Avoid Binding Ninth Circuit Law By Citing a**
20  **Handful of Out-Of-Circuit District Court Cases.**

21  Plaintiff attempts to cast doubt on the Ninth Circuit's server test by citing a
22  handful of cases from the Southern District of New York, Northern District of Texas,
23  and Northern District of Illinois. *See* Opp. at 10-12 (citing *McGucken v. Newsweek*,
24  No. 19-CV-9617-KPF, 2022 WL 836786 (S.D.N.Y. 2022); *Nicklen v. Sinclair Broad.*
25  *Grp., Inc.*, 551 F. Supp. 3d 188 (S.D.N.Y 2021); *Goldman*, 302 F. Supp. 3d 585;
26  *Leader's Institute, LLC v. Jackson*, No. 3:14-CV-3572-JJB, 2017 WL 5629514 (N.D.
27
28  *v. BuzzFeed, Inc.*, No. 1:20-CV-08844-ALC, 2021 WL 4482101 (S.D.N.Y. Sept. 30, 2021).

Mitchell Silberberg & Knupp LLP

5
**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS COMPLAINT**

Tex. Nov. 22, 2017); *Flava Works, Inc. v. Gunter*, No. 10-CV-6517-JFG, 2011 WL 3876910 (N.D. Ill. 2011)). These out-of-circuit district court cases do not change the Ninth Circuit's binding precedent. In *Hunley*, the Ninth Circuit expressly acknowledged these cases, and found they have no bearing on the Ninth Circuit's server test. *See Hunley*, 73 F.4th at 1071 (acknowledging that "several district courts [outside the Ninth Circuit] have either rejected or limited the Server Test," including in *Newsweek*, *Nicklen*, *Goldman*, and *Leader's Institute*, and still holding the "district court did not err in dismissing [the] case on the basis of the Server Test").

Furthermore, to date, no circuit court has rejected or limited the Ninth Circuit's server test. *See Hunley*, 73 F.4th at 1071 ("no circuit has disapproved of *Perfect 10*"); *Bowery*, 2023 WL 3212619, at *5 ("the court cannot find any appellate authority rejecting the Ninth Circuit's 'server' test"). Contrary to Plaintiff's assertion, there is no "Circuit split" on the issue. Opp. at 20-21. Plaintiff claims that the Seventh Circuit "rejected the Server Test" in *Flava Works* (Opp. at 12), but in fact, the Seventh Circuit "[c]it[ed] *Perfect 10* and offer[ed] analysis consistent with the Server Test[.]" *Hunley*, 73 F.4th at 1071 (discussing *Flava Works, Inc. v. Gunter*, 689 F.3d 754 (7th Cir. 2012)).[8]

In addition, since *Perfect 10*, district courts across the country have endorsed the server test. *See, e.g.,* Mot. at 8 (collecting Ninth Circuit district court cases applying the server test); *Bowery*, 2023 WL 3212619, at *5, n.70 (noting "[s]everal district courts have endorsed the [server] test" and collecting cases); *Microsoft Corp. v. Softicle.com*, No. 16-CV-2762-MCA, 2017 WL 5517379, at *2 (D.N.J. Sept. 29,

---

[8] Plaintiff misleadingly quotes the *district court's* opinion in *Flava Works*. *See* Opp. at 12. He omits that, on appeal, the Seventh Circuit distinguished between websites that host infringing content and those that merely "provid[e] a connection between the server that hosts the video and the computer of [the website's] visitor," which it found—consistent with the server test—"is not copyright infringement." *Flava Works*, 689 F.3d at 757; *see also Bowery*, 2023 WL 3212619, at *4 (noting that, in *Flava Works*, "the Seventh Circuit overturned [the] district court [decision] that declined to apply *Perfect 10*" and "found that the video's uploader had potentially infringed—not the provider who simply 'provide[d] a connection between the server that host[ed] the video' and the user's computer") (quoting *Flava Works*, 689 F.3d at 757)).

2017) (dismissing copyright infringement claim; "Providing a link to a website containing infringing material does not, as a matter of law, constitute direct copyright infringement.") (citations omitted); *Grady v. Iacullo*, No. 13-CV-00624-RM-KMT, 2016 WL 1559134, at *7 (D. Colo. Apr. 18, 2016) (declining to find copyright infringement where plaintiff "presented no evidence that his photographs and videos were stored on defendant's computer"); *Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, No. 13-CV-4664, 2014 WL 3368893, at *5 (N.D. Ill. July 8, 2014) (dismissing copyright infringement claim on summary judgment because "there [was] no evidence in the record … to conclude that [the copyrighted work] was ever contained on [defendant's] servers"); *MyPlayCity, Inc. v. Conduit Ltd.*, No. 10-CV-1615-CM, 2012 WL 1107648, at *13 (S.D.N.Y. Mar. 30, 2012) (same, because "it [was] undisputed that [plaintiff's] copyrighted games … resided on [plaintiff's] servers—not [defendant's]"), *adhered to on reconsideration*, 2012 WL 2929392 (S.D.N.Y. July 18, 2012).

### D. Plaintiff's Argument That the Server Test Conflicts With the Copyright Act Is Foreclosed By *Perfect 10*.

Plaintiff offers a slew of arguments in an effort to show that the server test conflicts with the "language and policy of the [Copyright] Act[.]" Opp. at 5. For example, Plaintiff argues that "showing a copy of a work through a computer" necessarily meets the Copyright Act's definition of "display," regardless of whether the work is stored on another party's server. *Id.* at 5-6. He also argues, for example, that the sever test "improperly requires a 'reproduction' as part of a 'display[,]'" which renders portions of the Copyright Act superfluous or insignificant. *Id.* at 6-7.

There is no need for this Court to consider these arguments "because they are foreclosed by *Perfect 10*." *Hunley*, 73 F.4th at 1071-72 (declining to consider the plaintiffs' similar arguments that the server test "is inconsistent with the Copyright Act's statutory scheme" and "legislative history"). This explains why Plaintiff relies near-exclusively on *dicta* from out-of-circuit district court cases in making these

arguments—including many of the same inconsequential cases discussed *supra*. *See* Opp. at 6-8 (citing *Leader's Institute*, *Nicklen*, and *Goldman*). Plaintiff's other citations are highly misleading. For example, Plaintiff cites *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065 (9th Cir. 2021), and *APL Microscopic, LLC v. U.S.*, 144 Fed. Cl. 489 (2019), for the notion that merely showing a work through a computer is infringing (Opp. at 5-7, n.6-7), but misleadingly omits that the copyrighted works in both of these cases were stored on the defendant's own servers. *See Bell*, 12 F.4th at 1081-82 (applying the server test and finding infringement because it was "undisputed" that the photos at issue were stored on defendant's own servers, and "assuming responsibility for and maintaining the server are clearly 'the most important cause[s]' of the public display of the … photo"); *APL Microscopic*, 144 Fed. Cl. at 495, 495 (applying the sever test and denying motion to dismiss claims for infringement of the public display and distribution rights where the defendant allegedly had "copied … and uploaded the [w]ork to [its own] server").

### E. The Server Test Is Consistent With the Supreme Court's Decision in *Aereo*.

Plaintiff's assertion that the Supreme Court's decision in *Aereo* "eroded the Server Test" is misplaced. Opp. at 13. As an initial matter, "*Perfect 10* and *Aereo* deal with separate provisions of the Copyright Act[.]" *Hunley*, 73 F.4th at 1074. *Perfect 10* addresses the "public display" right. *See Perfect 10*, 508 F.3d at 1161. By contrast, *Aereo* addresses the "public performance" right, including, in particular, whether an internet-based television subscription service publicly performed copyrighted works within the meaning of the Copyright Act's "Transmit Clause." *See Aereo, Inc.*, 573 U.S. at 438-44. As the Ninth Circuit explained in *Hunley*, "[the] difference between these two rights [is] significant in this [context,]" and "*Perfect 10* forecloses [infringement] claims [premised on embedding], even in light of *Aereo*." *Hunley*, 73 F. 4th at 1074.

Plaintiff also argues that it is the practical perspective of the user—not the "invisible," "technical process" that occurs "behind-the-scenes"—that must be considered in determining whether the display of content constitutes an infringement. Opp. at 13.  In making this argument, Plaintiff relies on the very same passage from *Aereo* that the Ninth Circuit in *Hunley* was "reluctant to read too much into." *Hunley*, 73 F. 4th at 1075 (rejecting the plaintiff's similar argument that "*Aereo* held that '[w]hat happens behind the curtain is … irrelevant to the consuming public, and so too should it be irrelevant in the eyes of the law'"). Ultimately, in *Hunley*, the Ninth Circuit "conclude[d] that user perception is relevant … but not determinative as to whether the display right has been infringed." *Id.* at 1076 ("the user perception analysis is not 'clearly irreconcilable' with [the Supreme Court's] intervening authority [in *Aereo*]").

## III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO CERTIFY THE ISSUE IN THIS CASE FOR INTERLOCUTORY APPEAL

### A. Plaintiff's Certification Request Is Procedurally Improper.

In his Opposition, Plaintiff affirmatively requests, in the alternative, that the Court "certify the issue [of the viability and applicability of the Server Test] for interlocutory appeal" pursuant to 28 U.S.C. § 1292(b).  Opp. at 18, 19.  "As a threshold matter, [Plaintiff] may not seek affirmative relief through [his] Opposition. Courts in this and other districts have concluded that a request for affirmative relief is not proper when raised for the first time in an opposition." *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-CV-09888-CJC-MAA, 2020 WL 7034346 at *14 (C.D. Cal. Aug. 4, 2020) (collecting cases); *see also, e.g.*, *Interworks Unlimited, Inc. v. Digital Gadgets, LLC*, No. CV 17-04983 TJX (KSx), 2019 WL 4570013, at *1 (C.D. Cal. June 11, 2019) (holding that a party "cannot seek affirmative relief by way of an opposition brief" and declining to "consider [the] issue absent proper briefing")).

### B. Plaintiff's Certification Request Is Wholly Unnecessary Because an Order Granting Valnet's Motion Would Be Appealable As of Right.

Even if Plaintiff's certification request had been procedurally proper, it is illogical and should be denied. Plaintiff effectively is seeking interlocutory review of a potential order that would be appealable as of right pursuant to 28 U.S.C. § 1291. Valnet moved to dismiss the entire Complaint without leave to amend, and, given the concessions in Plaintiff's Opposition,[9] the only remaining issue on the merits is whether Valnet's embedding of content stored on a third party's servers gives rise to a direct copyright infringement claim. Thus, an order granting Valnet's Motion to Dismiss with prejudice (consistent with Ninth Circuit precedent) would constitute this Court's "final decision," from which Plaintiff may immediately appeal without the Court's permission. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) ("A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (citation omitted).[10] In other words, certification for interlocutory appeal would be wholly unnecessary. *Cf. Cervantez v. Celestica Corp.*, No. EDCV 07-729-VAP-OPx, 2009 WL 10656986, at *2 (C.D. Cal. July 6, 2009) ("Only in rare and extraordinary cases should district

---

[9] As noted *supra*, Plaintiff does not oppose Valnet's Motion to Dismiss his secondary copyright infringement claim, and also concedes that the Subject Photographs were merely "embedded" from Instagram's servers. *See* Opp. at 1-2, n.2.

[10] As discussed in Valnet's Motion, the Court should dismiss the entire Complaint without leave to amend. *See* Mot. at 12. Indeed, granting Plaintiff leave to amend his Complaint would be particularly futile given that Valnet's "embedding" is not in dispute. *See, e.g.*, Opp. at 1. Even if the Court allowed Plaintiff leave to amend (which it should not do), certification for interlocutory appeal still would be inappropriate here because it would not "materially advance" the resolution of this case. 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982) (certification of interlocutory appeal is improper where it would not "materially advance" the ultimate termination of the litigation); *Lincoln Gen. Ins. Co. v. Access Claims Admins., Inc.*, No. S-07-CV-1015-LKK-EFB, 2009 WL 10731014, at *2 (E.D. Cal. Mar. 5, 2009) (noting certification for interlocutory appeal may be denied on this basis alone).

courts grant [m]otions brought under Section 1292(b) for interlocutory appeal.") (citations omitted).[11]

## IV. CONCLUSION

For the foregoing reasons, Valnet respectfully requests that the Court grant this Motion and dismiss the Complaint in its entirety without leave to amend. Additionally, Valnet respectfully requests that the Court deny Plaintiff's request to certify the issues in this case for interlocutory appeal.

DATED: January 5, 2024

MARC E. MAYER
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
David A. Steinberg (SBN 130593)
Attorneys for Valnet, Inc.

---

[11] Valnet maintains that this Court is bound to apply existing precedent and a stay would be inappropriate. However, to the extent the Court is inclined to defer its decision on Valnet's Motion to Dismiss, Valnet respectfully requests that the Court stay the case pending resolution of the potential rehearing *en banc* in *Hunley* and any subsequent appeals in that case—not "to allow for interlocutory review" in this case, as Plaintiff has requested. Opp. at 21. *Cf. Rojas-Osorio*, 381 F. Supp. 3d at 1227 (declining motion to stay and applying existing precedent despite pending petition for rehearing *en banc* in a case involving a similar legal issue); *Gray v. Cnty. of Riverside*, No. EDCV 13-00444-VAP, 2014 WL 5304915, at *39–40 (C.D. Cal. Sept. 2, 2014) (same, and noting that "[t]he uncertainty of the length of the stay outweighs the interest in staying" the proceedings).

## Certificate of Compliance

The undersigned, counsel of record for Defendant Valnet, Inc., certifies that this brief contains 3848 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 5, 2024

MARC E. MAYER
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
David A. Steinberg (SBN 130593)
Attorneys for Valnet, Inc.