JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-06753-JLS-SSC                                    Date: January 24, 2024
Title:  Elliot McGucken v. Valnet, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS MOTION TO DISMISS (Doc. 15)**

   Before the Court is Defendant Valnet, Inc.'s Motion to Dismiss.  (Mot., Doc. 15.)  Plaintiff Elliot McGucken opposed, and Defendant responded.  (Opp., Doc. 18; Reply, Doc. 19.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for January 19, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Defendant's motion, DENIES leave to amend, and DISMISSES McGucken's action WITH PREJUDICE.

I.     **BACKGROUND**

   Plaintiff McGucken is a nature and landscape photographer.  (Compl., Doc. 1 ¶ 4.)  Defendant Valnet operates a travel website.  (*Id.* ¶ 5.)  Valnet published certain articles on its website over several years that embedded some of McGucken's Instagram posts and related photographs.  (*See* Website Screenshots, Doc. 1-1.)  McGucken alleges that Valnet's embedding of his Instagram photos constitutes both direct and vicarious copyright infringement of his public-display rights as the copyright owner.  (Compl. ¶¶ 16–28.)  Valnet moved to dismiss, arguing that McGucken's claims fail as a matter of law under the "server test."  (Mot. at 6–12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-06753-JLS-SSC                                           Date: January 24, 2024
Title:  Elliot McGucken v. Valnet, Inc. et al.

## II.   LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must construe the facts in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  Moreover, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (cleaned up).

## III.   ANALYSIS

The Court DIMISSES McGucken's action.  The "server test" forecloses McGucken's direct-infringement claim as a matter of law, and McGucken concedes that his vicarious-infringement claim fails.  (*See* Opp. at 2 n.2.)

### A.   Direct Infringement

A website that "embeds" a copyrighted image—*i.e.*, includes "HTML instructions that direct a user's browser" to retrieve the image from a third-party's server—does not "show[] a copy" of the photo for purposes of the Copyright Act and, therefore, does not infringe the copyright owner's display rights.  *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1160–61 (9th Cir. 2007); *see also Hunley v. Instagram, LLC*, 73 F.4th 1060, 1065 (9th Cir. 2023) ("Because [Defendants] embedded—but did not store—the underlying copyrighted photographs, they are not guilty of direct infringement.").

McGucken makes three arguments for the inapplicability of the server test to this case; the Court rejects each.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-06753-JLS-SSC                                                       Date: January 24, 2024
Title:  Elliot McGucken v. Valnet, Inc. et al.

 First, McGucken argues that the server test does not extend beyond the search-engine context to reach "a media company embedding images from Instagram." (Opp. at 5.)  The Ninth Circuit has squarely rejected that argument.  In *Hunley*, the court concluded that "[n]othing in *Perfect 10* or the cases following it limits its application to search engines."  *Hunley*, 73 F.4th at 1071.  It then applied the server test to reject the plaintiffs' argument that two media companies, *Time* and *Buzzfeed*, directly infringed on their display rights by embedding their Instagram photos.  *See id at* 1077.

 Second, McGucken argues that the server test "contravenes the language and policy of the [Copyright Act]" and has been "criticized and rejected outside the Ninth Circuit." (Opp. at 5–13.)  The Court is not free to disregard binding precedent simply because a litigant or other courts disagree with it.  *See Hunley*, 73 F.4th at 1072 ("We will not consider these arguments in any detail because they are foreclosed by *Perfect 10*.").

 Third, McGucken argues that *Perfect 10*—which announced the server test—is inconsistent with the Supreme Court's intervening decision in *American Broadcasting Companies, Inc. v. Aereo, Inc.*, 573 U.S. 431 (2014).  (Opp. at 13–14.)  The Ninth Circuit has already rejected this argument and concluded that *Perfect 10* is not "clearly irreconcilable" with *Aereo* in a manner that would allow a district court to disregard it.  *See Hunley*, 73 F.4th at 1076 (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)).

  **B.** **Leave to Amend**

 The Court DENIES leave to amend.  As an initial matter, McGucken seems to disclaim any desire to amend his complaint—stating that he "seeks instead to appeal the granting of Valnet's motion rather than amend." (Opp. at 3 n.4.)  Moreover, there are no amendments that McGucken could make that would remove this action from the sweep

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-06753-JLS-SSC                                             Date: January 24, 2024
Title:  Elliot McGucken v. Valnet, Inc. et al.

of the server test.  Therefore, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi*, 839 F.2d at 623.

### C. Interlocutory Appeal

In his opposition, McGucken asks the Court to certify this Order ruling on Valnet's motion to dismiss for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Opp. at 18–21.)  To begin, McGucken's request is procedurally improper.  *See* 28 U.S.C. § 1292(b) (requiring an "application . . . made . . . within ten days after the entry of the order" seeking to be appealed).  More fundamentally, McGucken's request is unnecessary since an order denying leave to amend and dismissing an entire action is a final order appealable pursuant to 28 U.S.C. § 1291.  *See*, *e.g.*, *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

### IV. CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion, DENIES leave to amend, and DISMISSES Plaintiff's action WITH PREJUDICE.  Additionally, Plaintiff's request to certify an interlocutory appeal is DENIED.

Initials of Deputy Clerk: gga